Day, C. J.
The present suit was brought by the plaintiffs against the Hibernia Insurance Company, not on a-claim due to them, but upon a debt of the company to Shoenfeld, Brothers & Co., who were claimed to be their-debtors.
It is only through Shoenfeld, Brothers & Co. that the plaintiffs have a right of action. They base their right to pursue the insurance company solely upon proceedings in *485 ■•attachment against Shoenfeld, Brothers & Co. and process ■of garnishment against the company. Failing to acquire a right of action thereby, this action against the company •must fail.
Shoenfeld, Brothers & Co., in the’ original suit of the ■plaintiffs against them, were not served with summons, nor -did they appear in the case. They were non-residents of -the State of Ohio, and, on this ground alone, it was sought -to acquire jurisdiction over them by proceedings in attachment.
Section 191 of the code authorizes the issuance of an attachment, when the defendant is a non-resident of the state; but it provides that an attachment shall not be granted on that ground, “ for any claim other than a debt ■or demand arising upon contract, judgment, or decree.”
The cause of action alleged in the petition and affidavit for an attachment in that case, was not one “ arising upon contract, judgment, or decree,” but was based solely on a breach of duty, without averring that the duty arose by -contract. All the proceedings in attachment and garnishment were had under this petition and affidavit. Being clearly unauthorized by the statute, no jurisdiction of the non-resident defendants was acquired thereby; and that failing, the insurance company was not bound to answer as garnishee. Indeed, the attachment,proceedings, as against ;both the defendants in the case and the garnishee, were a nullity for want of legal authority.
The garnishee not being bound to answer, no right of action accrued to the plaintiffs, under section 218 of the ■code, for failing to answer.
But it is claimed that the case was brought within the -statute by amendment of the petition and affidavit. It is true they were amended; but if a ease for an attachment was then made, none was issued. The attachment previously issued being a nullity, no jurisdiction could be .acquired under it by subsequent amendment. The amendment merely made a case which authorized proceedings fo acquire jurisdiction. It did not quicken that which was *486 without legal vitality, and confer jurisdiction by virtue of what had been done without any bases of legal authority..
Amendments, where the court obtains no jurisdiction,, are of no avail. Those authorized by the code relate to cases in which the court acquires jurisdiction of the parties.
There was, then, no error in the judgment of the Court of Common Pleas, and no error in its affirmance by the District Court, though a different reason was' assigned by that court for affirming the Common. Pleas. As to the validity of that reason, we express no opinion.

Motion overruled.

McIlvaine, White, and Rex, JJ., concurring. Welch,, J., not sitting.